**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

ANDREW CHIEN, *pro se*,

      Plaintiff,

   v.

U.S. SECURITIES EXCHANGE
COMMISSION and the UNITED STATES
OF AMERICA,

      Defendants.[1]

Civil Action No. 17-2334 (CKK)

---

**MEMORANDUM OPINION**
(September 28, 2020)

The Court has previously outlined the background of this case in its prior September 23, 2019 Memorandum Opinion, which it expressly incorporates here. *See* Sept. 23, 2019 Mem. Op., ECF No. 52, at 3–7. The Court has now received Plaintiff's Motion for Reconsideration Due to Rule 59(e), ECF No. 57. Plaintiff filed an "Amendment of Motion for Reconsideration Due to Rule 59(e)," ECF No. 60, approximately twenty-four days later. He further filed a "Second Amendment of Motion for Reconsideration Due to Rule 59(e) by Adding Hester M. Peirce, Elad L Roisman, and Allison Herren Lee, as Defendants for Rule 57 Declaratory Judgment Based on Rule 15(d)," ECF No. 63, approximately six months later. Although it is far from clear that Plaintiff has complied with either the Federal Rules of Civil Procedure or the Local Rules, *see* Fed. R. Civ. P. 15; Fed. R. Civ. P. 59(e), because Defendants had the opportunity to file oppositions to Plaintiff's first and third filings, *see* ECF Nos. 58 and 65, and in light of Plaintiff's *pro se* status, the Court will exercise its discretion and at least consider each of Plaintiff's three filings in ruling

---

[1] This caption has been updated to reflect the substitution of the United States for Defendants Mara Ransom and Commissioner Kara Stein. *See* Sept. 23, 2019 Order, ECF No. 51.

on his motion for reconsideration.[2]  Upon consideration of the pleadings,[3] the relevant legal

authorities, and the record as a whole, the Court **DENIES** Plaintiff's motions for reconsideration.[4]

## I. LEGAL STANDARD

Rule 59(e) permits a party to file a motion to alter or amend a judgment within twenty-

eight days of the entry of that judgment.  Fed. R. Civ. P. 59(e).  Motions under Rule 59(e) are

"disfavored," and the moving party bears the burden of establishing "extraordinary circumstances"

warranting relief from a final judgment.  *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28

(D.D.C. 2001).  Rule 59(e) motions are "discretionary and need not be granted unless the district

court finds that there is an intervening change of controlling law, the availability of new evidence,

or the need to correct a clear error or prevent manifest injustice."  *Firestone v. Firestone*, 76 F.3d

---

[2] The Court does, however, find Plaintiff's third motion for reconsideration untimely below.  *See infra* Section II.D.

[3] The Court's consideration has focused on the following:
- Pl.'s Mot. for Reconsideration Due to Rule 59(e) ("Pl.'s First Mot."), ECF No. 57;
- Defs.' Opp'n to Pl.'s (1) Mot. for Reconsideration Due to Rule 59(e) and (2) Mot. to Withdraw Claims Against Mara L. Ransom ("Defs.' First Opp'n"), ECF No. 58;
- Pl.'s Am. of Mot. for Reconsideration Due to Rule 59(e) ("Pl.'s Second Mot."), ECF No. 60;
- Pl.'s Second Am. of Mot. for Reconsideration Due to Rule 59(e) by Adding Hester M. Peirce, Elad L Roisman, and Allison Herren Lee, as Defendants for Rule 57 Declaratory Judgment Based on Rule 15(d) ("Pl.'s Third Mot."), ECF No. 63;
- Defs.' Opp'n to Pl.'s Second Am. of Mot. for Reconsideration Due to Rule 59(e) by Adding Hester M. Peirce, Elad L Roisman, and Allison Herren Lee, as Defendants for Rule 57 Declaratory Judgment Based on Rule 15(d) ("Defs.' Second Opp'n"), ECF No. 65; and,
- Pl.'s Resp. to Defs.' Opp'n to Pl.'s Second Am. of Mot. for Reconsideration Due to Rule 59(e) by Adding Hester M. Peirce, Elad L Roisman, and Allison Herren Lee, as Defendants for Rule 57 Declaratory Judgment Based on Rule 15(d) ("Pl.'s Reply"), ECF No. 66.

In an exercise of its discretion, the Court finds that holding oral argument would not be of assistance in rendering a decision.  *See* LCvR 7(f).

[4] Plaintiff also discusses his Motion to Withdraw Claims Against Mara L. Ransom, ECF No. 56, in his briefing on the motions for reconsideration.  The Court separately denied that Motion, *see* Aug. 5, 2020 Minute Order, but to the extent that Plaintiff is raising those arguments here again, his motion shall be denied as moot in light of the earlier ruling and because the Court previously substituted the United States for then-Defendant Ransom.  *See* Sept. 23, 2019 Order, ECF No. 51.

1205, 1208 (D.C. Cir. 1996) (internal quotation marks omitted).  Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed.1995)).

## II. DISCUSSION

Plaintiff presents three primary arguments in support of his motions for reconsideration. His last motion also seeks to add several Defendants and causes of action to his First Amended Complaint, which the Court dismissed on September 23, 2019.  The Court now considers each argument in turn.

### A. Service of Then-Defendants Ransom and Stein

First, Plaintiff argues that the Court should reconsider its finding that Plaintiff failed to properly serve then-Defendants Ransom and Stein under Federal Rule of Civil Procedure 4.  All of Plaintiff's arguments raised in relation to this finding are either not new or could have previously been raised.  None of them present extraordinary circumstances warranting relief from the prior order dismissing his claims.  Regardless, the Court will consider them here.

The Court's previous finding that Plaintiff had failed to serve then-Defendants Ransom and Stein in their individual capacities[5] was based on the reasoning that under Rule 4(i)(3), a United States officer or employee sued in their individual capacity in this context must be served under Rule 4(e).  Sept. 23, 2019 Mem. Op. at 11–12.  Pursuant to Rule 4(e)(2), an individual may be served by doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C)

---

[5] As for their official capacities, the Court substituted the United States in place of the two individual Defendants.  *See* Sept. 23, 2019 Order, ECF No. 51.

> delivering a copy of each to an agent authorized by appointment or by law to receive
> service of process.

Fed. R. Civ. P. 4(e)(2). The Court found that there was no evidence that either then-Defendant was served in person, or at home, or through an authorized agent pursuant to Rule 4(e)(2). Sept. 23, 2019 Mem. Op. at 12.

Plaintiff's first argument is that serving the Securities and Exchange Commission ("SEC"), and not the individual Defendants, was sufficient here. Pl.'s First Mot. at 1. However, as Rules 4(i) and 4(e) demonstrate, to the extent that Plaintiff intended to sue Defendants Ransom and Stein in their individual capacities, that is, in fact, insufficient. Plaintiff provides no authority suggesting otherwise. He also claims that Rule 4(e)(1) justified the use of certified mail here, as he served then-Defendants in accordance with the D.C. Superior Court Rules of Civil Procedure. Pl.'s First Mot. at 2. Plaintiff previously advanced both of these arguments in relation to the earlier Motion. *See* Obj. of Defs.' Mot. to Dismiss, ECF No. 41, at 11–12; Suppl. Opp'n to Defs.' Mot. to Dismiss, ECF No. 46, at 7. Even so, Plaintiff overlooks that D.C. Superior Court Rule of Civil Procedure 4(i)(3) mirrors Federal Rule 4(i)(3), and requires service under Superior Court Rule 4(e), (f), and (g) which mirror Federal Rules 4(e), (f), and (g), and thus the D.C. Superior Court Rules do not allow service via certified mail as Plaintiff claims. Plaintiff's reliance on this Court's decision in another case, *Electronic Privacy Center v. U.S. Customs and Border Protection*, Case No. 19-cv-279, *see* Pl.'s First Mot. at 2, is also unavailing as it is inapposite; there were no individual defendants being sued in their individual capacities in that case, *see Electronic Privacy Center v. U.S. Customs and Border Protection*, Case No. 19-cv-279, ECF No. 1, at ¶ 7 (naming only a federal agency as a defendant). Lastly, Defendants did not waive their jurisdictional defenses by

4

making an appearance in this matter.[6]  *See* Fed. R. Civ. P. 12(b); *Hook & Ackerman v. Hirsh*, 98 F. Supp. 477, 478 (D.D.C. 1951) ("[R]ule 12(b) permits the joinder of the defense of lack of jurisdiction with any defense on the merits and therefore a party although actually before the court does not waive his jurisdictional defenses.").

Accordingly, Plaintiff has not met the standard for reconsideration here.  He has not presented any intervening change in law or new evidence and has not identified any clear error or need to prevent manifest injustice.   The Court **DENIES** his motions as to these arguments.

**B. Reiteration of Allegations**

Plaintiff next reiterates several merits arguments from his original briefing and his First Amended Complaint in this litigation.  First, he goes into detail about his allegations regarding Mr. Richard J. Freer's alleged violation of the "Exchange Act and Securities Act."  Pl.'s First Mot. at 2–4; Pl.'s Second Mot. at 2–4.   Second, he claims that "SEC employees involved money laundering" and/or "has fiduciary duty to prevent employees from involved money laundering." Pl.'s First Mot. at 4; Pl.'s Second Mot. at 3–4.   Third, Plaintiff discusses in more depth his allegations regarding Mr. Freer's alleged "falsified corporation registration."  Pl.'s First Mot. at 4–5; Pl.'s Second Mot. at 4–5.   Fourth, Plaintiff alleges that SEC employees engaged in "false corporation identity."  Pl.'s First Mot. at 5–6; Pl.'s Second Mot. at 5–6.   In particular, he alleges that the SEC had a fiduciary duty to monitor and/or supervise SEC employees' actions related to the EDGAR codes.  Pl.'s First. Mot. at 5–7; Pl.'s Second Mot. at 5–7.

All of these arguments appear primarily to be recitations of Plaintiff's allegations in his First Amended Complaint, *see* First Am. Compl., ECF No. 29, which he also raised in relation to

---

[6] In his second motion, Plaintiff also asserts that service on the SEC was proper.  *See* Pl.'s Second Mot. at 1–2.  As the Court did not dismiss the claims against the SEC for reasons related to service, *see* Sept. 23, 2019 Mem. Op. at 26–27 (outlining findings), it does not consider this argument here.

Defendants' motion to dismiss, *see* Obj. of Defs.' Mot. to Dismiss, ECF No. 41, at 1–11; Suppl. Opp'n to Defs.' Mot. to Dismiss, ECF No. 46, at 1–6.  And, as the Court noted above, on a motion for reconsideration "the movant must not 'relitigate old matters, or raise arguments or present evidence that could have been raised prior to the entry of judgment.'"  *Walsh v. Hagee*, 316 F.R.D. 1, 2 (D.D.C. 2014) (quoting *Jung v. Ass'n of Am. Med. Colls.*, 226 F.R.D. 7, 8 (D.D.C. 2005)), *aff'd*, No. 14-5058, 2014 WL 4627791 (D.C. Cir. July 11, 2014).

Moreover, Plaintiff does not explain how these allegations support his motion for reconsideration, as he does not present any new evidence or precedent, nor does he explain how the prior dismissal involved a clear error or would result in manifest injustice.  This is especially the case in light of the fact that the Court previously dismissed his claims on jurisdictional grounds and did not reach the merits of his claims that he raises here.  *See* Sept. 23, 2019 Mem. Op. at 13–25 (dismissing Plaintiff's claims because he failed to exhaust administrative remedies and because Counts 1 through 6 of his First Amended Complaint were barred by intentional torts and/or discretionary function exceptions of the Federal Tort Claims Act).  In short, Plaintiff has not met the standard for reconsideration under Rule 59(e) on these arguments.  Accordingly, the Court **DENIES** Plaintiff's motions as to these grounds as well.

## C. Striking of Plaintiff's Supplemental Filings

Plaintiff subsequently argues that the Court improperly struck two of Plaintiff's supplemental filings, his "Supplementary to Support Chien's Pleadings from Fair Debt Collection Practices Act," ECF No. 49, and his "Supplementary (2) to Support Chien's Pleadings from Fair Debt Collection Practices Act," ECF No. 50.  *See* Pl.'s Second Mot. at 7.  Plaintiff argues it was improper because "it is important to list the circumstances how Freer's stock certificate was forged."  *Id.*  However, Plaintiff provides no new evidence, arguments, or intervening law

addressing why striking these unsolicited supplemental filings was improper.  Nor does he demonstrate any clear error in the prior ruling or explain why reconsideration is necessary to prevent manifest injustice in light of the circumstances of the dismissal of his case.  *See* disc. *supra* at 6 (explaining that claims were dismissed on primarily jurisdictional bases).  Accordingly, the Court **DENIES** his motions on this ground as well.

### D. Plaintiff's Request to Supplement First Amended Complaint

Plaintiff's last motion for reconsideration, ECF No. 63, primarily seeks to "supplement" his First Amended Complaint with new causes of action against new Defendants, whom he proposes to be Hester M. Pierce, Elad L Roisman, and Allison Herren Lee.  Pl.'s Third Mot. at 1.  Plaintiff alleges that he filed a "complaint" as to these new Commissioners on February 18, 2020.  *Id.*  Defendants dispute this and explain that Plaintiff sent a communication to the SEC Commissioners on February 18, 2020 "requesting that the SEC settle this matter and the related matter (*Chien v. Morris*, Civil Action No. 19-3101) on terms" that Plaintiff demanded.  Defs.' Second Opp'n at 2.  The Court need not reach any of the factual disputes here, however.  It instead considers Plaintiff's motion as both a motion for reconsideration and a motion to amend his First Amended Complaint, as he has attached what appears to be his proposed new allegations to this motion.

As an initial matter, "once a final judgment has been entered, a court cannot permit an amendment unless the plaintiff 'first satisf[ies] Rule 59(e)'s more stringent standard' for setting aside that judgment."  *Ciralsky v. C.I.A.*, 355 F.3d 661, 673 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  Plaintiff has not satisfied this standard here.  To begin with, he filed this third motion on May 18, 2020, when the Court's Order and Memorandum Opinion dismissing his claims were posted on September 23, 2019.  That is long past the twenty-

eight-day period in which a motion for reconsideration must be filed. *See* Fed. R. Civ. P. 59(e). Plaintiff does not explain why his third motion was filed many months later. Nor does he show any good cause as to why that is the case, or as to why his newest motion should be considered filed at the same time as his original motion. It would indeed be difficult for him to do so, considering his third motion is premised on acts that took place in February 2020, months after the original ruling on September 23, 2019. *See* Pl.'s Third Mot. at 3.

Moreover, Plaintiff does not explain in his third motion what new evidence or intervening law supports reconsideration. He also does not outline any clear error in the prior ruling, or explain how it must be reconsidered to prevent manifest injustice. Although he makes new allegations against the SEC Commissioners, none of these allegations relate to the reasons, largely jurisdictional under the Federal Tort Claims Act, that the Court dismissed his claims. *See* Sept. 23, 2019 Mem. Op. at 13–25. What is more, many of the allegations in his motion and the attached supplemental pleading have previously been raised in this litigation, in either his First Amended Complaint or in his briefing on the motion to dismiss. In other words, he has not met the standard under Rule 59(e) for reconsideration.

Plaintiff also suggests at one point that the Court should consider his motion under Rule 60(b). *See* Pl.'s Reply at 2. But "[r]elief under Rule 60(b) is more restrictive than under Rule 59(e)." *Arabaitzis v. Unum Life Ins. Co. of Am.*, 351 F. Supp. 3d 11, 14 (D.D.C. 2018). "In general, 'the bar stands even higher for a party to prevail on a Rule 60(b) motion' because a party must show 'fraud, mistake, extraordinary circumstances, or other enumerated situations.'" *Id.* (quoting *Uberoi v. EEOC*, 271 F. Supp. 2d 1, 2–3 (D.D.C. 2002)). Plaintiff has not shown fraud, mistake, or any other extraordinary circumstances suggesting that the Court's prior ruling should be reconsidered here.

Furthermore, the Court agrees with Defendants that Plaintiff's proposed supplements or amendments would almost certainly be futile.  In brief, Plaintiff alleges that he contacted these SEC Commissioners about his allegations and had yet to receive a response.  *See* Pl.'s Mot., Ex. 1 (proposed "Supplemental Pleading"), ¶¶ 10–11.  He seeks to add three new causes of action: (1) negligence "of the job duty of three Commissioners" that "caused the financial scandal that Edgar becoming forum of forged money laundering written instrument of Freer by allowing SEC registration for VA-CHBM"; (2) negligence "of the job duty of three Commissioners to omit Freer engaged Racketeering of corporation identity fraud and money laundering of CHBM," which in turn "hurt Chien's fiduciary duty as President to engage CHBM as a public listed company"; and (3) negligence "of the job duty of three Commissioners to monitor Island Stock Transfer to follow Securities Law not to issue unauthorized stock certificate."[7]  *Id.* ¶¶ 18–20.

These allegations closely track the allegations that Plaintiff previously made against then-Defendants Ransom and Stein.  Consequently, for the reasons provided in the Court's prior Memorandum Opinion, *see* Sept. 23, 2019 Mem. Op., ECF No. 52, which it incorporates into its decision here, the Court agrees that the United States would likely be substituted as Defendant in place of the three Commissioners under the Westfall Act, 28 U.S.C. § 2679.  *See* Sept. 23, 2019 Mem. Op. at 11–13.  Regardless of whether the United States were to be substituted, as Plaintiff's proposed new allegations sound in negligence, they would also encounter the same issues as his prior allegations because he has not alleged or shown that he has exhausted his administrative remedies under the Federal Tort Claims Act, *see* Sept. 23, 2019 Mem. Op. at 14–19, and the

---

[7] To the extent that Plaintiff raises other arguments in his third motion, or the attached proposed supplemental pleading, or his reply in support of his third motion, they are duplicative of arguments that he has previously raised and that this Court has considered and rejected.  Plaintiff's third motion for reconsideration is an inappropriate vehicle to relitigate these matters.  *See Walsh*, 316 F.R.D. at 2.

allegations would likely also be barred by the intentional torts exception and/or the discretionary function exception of the Federal Tort Claims Act, *see id.* at 19–25. That Plaintiff's new allegations would likely be futile further supports the conclusion that he has not met the relevant standards for either Rule 59(e) or Rule 60(b). Plaintiff has failed to present any extraordinary circumstances that would warrant reconsideration here. Accordingly, the Court also **DENIES** his third motion for reconsideration and his request to supplement his pleading.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration Due to Rule 59(e), ECF No. 57, Plaintiff's Amendment of Motion for Reconsideration Due to Rule 59(e), ECF No. 60, and Plaintiff's Second Amendment of Motion for Reconsideration Due to Rule 59(e) by Adding Hester M. Peirce, Elad L. Roisman, and Allison Herren Lee, as Defendants for Rule 57 Declaratory Judgment Based on Rule 15(d), ECF No. 63.

An appropriate Order accompanies this Memorandum Opinion.


**Dated**: September 28, 2020                          /s/

COLLEEN KOLLAR-KOTELLY
United States District Judge